## POTTER *v.* BEAL *et al.*

*(Circuit Court, D. Massachusetts. February 25, 1892.)*

CONSTITUTIONAL LAW—UNREASONABLE SEARCH—PRIVATE PAPERS—NATIONAL BANKS.

The president of a national bank which had failed brought a bill against the receiver, alleging that a certain trunk which was then in the vaults, and of which complainant held the key, contained his private papers; that the receiver, who refused to surrender the same, was about to be summoned before the United States grand jury with the papers, to investigate a criminal charge against complainant. The prayer was for an order for the delivery of the papers, an injunction against taking them before the grand jury, and for general relief. Complainant proved by the cashier that the trunk was kept in the bank as the property of the president, but the witness had no knowledge of its contents. *Held,* that under the fourth and fifth amendments to the federal constitution, the receiver could not give evidence as to the contents of the trunk, nor could a public investigation be had; but, as the plaintiff had voluntarily submitted his rights, and asked for affirmative relief, the court would appoint a master to examine it entirely alone, and turn over to complainant any papers belonging to him, and to the receiver such as were the property of the bank, and were not material to the government's case against complainant; and that such as related to bank transactions, and were material to the prosecution, should be held by the clerk for further consideration. *Boyd v. U. S.,* 6 Sup. Ct. Rep. 524, 116 U. S. 616, distinguished.

In Equity. Bill by Asa P. Potter against Thomas P. Beal, receiver of the Maverick National Bank, and Frank D. Allen, United States district attorney, to obtain possession of a trunk alleged to contain private papers.

*Henry D. Hyde, M. F. Dickinson,* and *Elmer P. Howe,* for complainant.

*Hutchins & Wheeler,* for receiver.

*Frank D. Allen,* U. S. Atty., *pro se.*

ALDRICH, District Judge. This is a proceeding in equity, and the bill was filed on the 15th of February, 1892. At that time the only parties were Potter, plaintiff, and Beal, receiver, defendant. At a preliminary hearing, February 16th, the plaintiff and defendant were represented by counsel, and the United States attorney appeared, and claimed the right to be heard on behalf of the government. The bill, in effect, alleges that the plaintiff, who was the president and a director of the Maverick National Bank, deposited in the vaults thereof certain private and personal books, papers, and other documents, which were never the

property of the bank, and that some of the papers were then in a trunk, to which he held the key; that the trunk was in the vault when the bank was closed by order of the comptroller on the 1st day of November, and that the receiver has since held it, and refused to pass it to the plaintiff; that the papers are personal in their nature, and necessary to a settlement of his business affairs; that he is charged with violations of the law, and that the government attorney was about to issue a summons calling the defendant Beal before the grand jury with the papers in question; that he is without adequate remedy at law, and therefore seeks the interposition of a court of equity.

The relief sought is (1) an order that the books, papers, and other documents be delivered to the plaintiff; (2) that the defendant Beal be enjoined from using the same before the grand jury; and (3) such other relief as may be just. At this hearing no evidence was offered other than the evidence contained in the bill, which was sworn to. After hearing the parties, through their counsel, and the suggestions of the government's attorney, the prayer for preliminary injunction was denied, except so far as relief was involved in an order which was entered in said cause, and was as follows:

"To the end that the rights of the public and all interested parties may be protected, it is ordered that the defendant forthwith lodge with the clerk of the United States circuit court for the district of Massachusetts the trunk named in said bill, together with its contents; and the clerk is directed to carefully keep the same in its present condition until otherwise ordered."

In obedience to this order, the defendant lodged the trunk and contents with the clerk, where it now remains under seal. Subsequently the defendant Beal filed his answer, alleging, in effect, that the trunk came into his possession as a part of the assets of the bank; that he is advised and believes that it is his duty to examine the contents thereof, and ascertain whether it contains property of the bank, or memoranda, books, papers, or accounts concerning its affairs; and the government attorney, appearing, was, upon petition, made a party, and filed a motion, asking, in effect, such an order as would lay the papers before the grand jury. Whereupon the plaintiff asked for further hearing, to the end that evidence might be introduced as to the nature of his possession, and a hearing was had on the 23d day of February, 1892. At this hearing the plaintiff called one Work, a cashier, whose evidence tended to show that the trunk in question was kept in the bank, and not elsewhere, as the private trunk of Mr. Potter; but the witness had no knowledge of the contents. It further appeared from this witness that Mr. Potter and one Kellogg, the clerk of the bank, and a secretary to Mr. Potter, and no other persons, had access to the trunk. Neither Mr. Potter nor Kellogg was called as a witness. It also appeared that the trunk was at one time opened by agreement, and that certain insurance policies were taken therefrom, and that certain deeds of Florida lands, which one Hanson held in trust as security to certain notes held by the bank, were taken therefrom by Mr. Ewer, by agreement.

The defendants offered evidence as to the character of the contents,

which was excluded upon the plaintiff's objection, on the ground that, as the investigation was for the purpose of ascertaining whether the papers were private, and therefore entitled to protection, the question should be determined upon a proceeding not in conflict with the spirit of articles 4 and 5 of the amendments to the federal constitution. Upon the preliminary hearing, and at this stage of the proceedings, the parties all ask for affirmative relief, neither denying the jurisdiction of the court nor questioning its power to ascertain the character of the contents of the trunk in question in a reasonable manner, reserving the right to object to all unreasonable and improper proceedings.

Now, what is the situation? The plaintiff neither alleges nor proves by satisfactory evidence that the trunk contains private papers only. He holds the key, and refuses to deliver it, to the end that the trunk may be opened at a public hearing. I only infer from this refusal, in view of the fact that he asks for affirmative relief, that he thinks a public exhibition of private papers unreasonable, and that he is willing to submit to such a private and reasonable examination as is necessary to enable the court to make an intelligent order, and one which shall not violate the rights of either party. The plaintiff, who is supposed to know the contents, does not give information at a public hearing; the defendants, who have partial information, are not permitted to disclose at such hearing.

In the case of *Boyd* v. *U. S.*, 116 U. S. 616, 6 Sup. Ct. Rep. 524, it was held that an order of court upon compulsory proceedings, compelling a party to produce a paper, the character of which was known, in order that it might be used against him, was an unconstitutional and erroneous order. The case at bar, in my judgment, is distinguishable from the case referred to. Here the plaintiff voluntarily submits his rights to the determination of the court, and asks for relief and an order that papers be delivered, the character of which is not known to the court. From the character of the possession, I think the court should know, in a general way, what the trunk contains, before an order is made as to the disposition of its contents. It is very clear that Mr. Potter is entitled to speedy possession of his private and confidential papers. It is equally clear that the bank is entitled to know what is taken from its vaults. Whether the government is entitled to have possession of any part of the papers, I do not undertake to say. A court of equity will not make an order changing the actual custody of property without clear and satisfactory evidence of title; in other words, the court will not make an order that this trunk be delivered to either party until it has some evidence of what it contains.

With the view, therefore, of ascertaining the rights of the parties in a manner not unreasonable, and not in conflict with the provisions of the constitution referred to, Hon. JOHN LOWELL, of Boston, is appointed master, to examine the contents of the trunk in question. Mr. Howe, of counsel, will pass the key to the clerk, who will open the trunk in the presence of the master, and no other person; and, after examination by the master, in the presence of no one, such papers, documents, and other things, if any, as are the property of the Maverick Bank, and are not

material to the issue suggested in the motion of the district attorney, after being first shown to the plaintiff, will be. delivered to the defendant Beal by the clerk. *Second.* Such, if any, as are private, and are not the property of the Maverick Bank, together with such as do relate to Maverick Bank transactions, and are necessary and material to be introduced by Mr. Potter in his own behalf, will be forthwith delivered to his counsel, Mr. Howe. *Third.* Such, if any, not included in the two classes above, as relate to Maverick Bank transactions, and, in the judgment of the master, are or may be material to the issue suggested in the motion of the district attorney, and the proper presentment of the government's case, shall be sealed, returned to the trunk and the safe custody of the clerk, who will relock the trunk in the presence of the master, return the key to Mr. Howe, and hold the trunk and such contents until further directed. The master, without further characterization, will report whether or not he finds papers and documents within the classes named, and what disposition has been made thereof. The examination contemplated by this order is to be considered a part of the preliminary hearing, or, in other words, in aid thereof, and is designed to enable the parties to lay evidence before the court in a private and reasonable manner; the nature of the case being such that it would be unreasonable to direct or permit it to be done in a public manner. Upon report, the parties will be further heard as to the proper use and disposition of such, if any, papers and other things as are material to the government's case.

It is understood that the examination is to be private, and no publicity whatever, except such as is conveyed through a report of the character indicated. Before the examination contemplated by this order, the parties and their counsel may, in the presence of each other, or separately, if they so agree, make such explanation to the master as they desire as to the character of the papers, and, until such examination and report, or until the foregoing order is vacated or modified, all parties are strictly enjoined from interfering in any way with the trunk or its contents. It may also be understood that there is to be a speedy examination and report, unless some party aggrieved desires to raise the question of the propriety of this order; and in such event, upon proper motion, in view of the novelty of the proceedings, and the delicacy of the question involved, the examination will be fixed at such a day as will enable the court of appeals to pass upon the question, if such right of appeal exists.